UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-422 |
| | § | |
| MANUEL JESSE CHAPA, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's motion for summary judgment. Dkt. 19. Having reviewed the motion,[1] relevant portions of the record, and applicable law, plaintiff's motion is GRANTED.

**I. BACKGROUND**

Plaintiff Joe Hand Promotions, Inc., is a marketer of pay-per-view prize fighting events. Dkt. 1. Defendants Manuel Jesse Chapa and Hector Ernesto Morales were managers, officers, and owners of defendant Bluemarlin Sportsbar, Inc., d/b/a Zone 504 Sportsbar (the "Establishment"), in Kemah, Texas, on February 4, 2006 . Dkts. 9–11; 20, Exs. D, E.

Plaintiff owned the exclusive right to license the exhibition of the closed-circuit telecast of the February 4, 2006, Ultimate Fighting Championship 57: Chuck Liddell v. Randy Couture Event, including the undercard or preliminary bouts (the "Fight") to commercial establishments in Texas.

---

[1] Defendants failed to respond to plaintiff's motion for summary judgment; therefore, the motion is treated as unopposed. S.D. TEX. R. 7.4 ("Failure to respond will be taken as a representation of no opposition.").

1

Dkt. 20, Exs. A, A–1. The interstate satellite or cable transmission of the Fight was electronically coded or scrambled and not available to, or intended for use by, the general public. Dkt. 20, Ex. A. An auditor associated with the plaintiff entered the Establishment on February 4, 2006, and observed a portion of the Fight being exhibited to approximately forty-five patrons on eight television sets. Dkt. 20, Ex. A–2. Plaintiff filed this action on May 6, 2008, alleging that the defendants violated 47 U.S.C. §§ 553 and 605 of the Federal Communications Act ("FCA") by illegally intercepting the Fight and exhibiting it at the Establishment. Dkt. 1.

Defendants answered on May 21, 2008. Dkts. 9–11. On March 25, 2009, the court conditionally dismissed the case in light of the parties' representations of an impending settlement agreement. Dkt. 17. When the settlement could not be finalized, plaintiff moved to reinstate the case and for summary judgment. Dkts. 18–19. The court reinstated the case after defendants failed to respond to the motion for reinstatement. Dkt. 21. The defendants also have not responded to the motion for summary judgment, and the time for doing so has passed.

The plaintiff recognizes that recovery under both § 553 and § 605 is precluded and, therefore, moves for summary judgment only under 47 U.S.C. § 605. *See* Dkts. 19–20; *see also Entm't by J & J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002) (recognizing that the majority of courts award damages only under one statutory section).

## II. ANALYSIS

**1. Summary Judgment Standard**

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). On a defendant's motion for summary judgment, the plaintiff "must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." FED. R. CIV. P. 56(e). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come

forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

**2. Elements of a Violation of § 605**

Plaintiff asserts that the defendants are liable under to 47 U.S.C. § 605(a). Section 605 of the FCA provides that "[n]o person receiving . . . any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception . . . to any person other than the addressee, his agent, or attorney . . . . " 47 U.S.C. § 605(a). The FCA provides for both civil and

criminal penalties. In civil action, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a prevailing plaintiff in an anti-piracy case; § 605(e)(3)(C)(ii) authorizes the award of additional damages for willful behavior; § 605(e)(3)(B)(iii) mandates the award of attorneys' fees and allows for an award of full costs; and § 605(e)(3)(B)(I) permits courts to grant injunctions. 47 U.S.C. § 605(e)(3)(B)–(C).

To establish a violation of 47 U.S.C. § 605(a), the plaintiff must establish that the defendants received, assisted in receiving, transmitted, or assisted in transmitting an interstate communication by wire or radio and broadcast, displayed, or divulged that communication to at least one other person without authorization.[2] *See Al-Waha Enterprises*, 219 F. Supp. 2d at 773–74 (citing 47 U.S.C. § 605(a)). Here, all three defendants admit[3] that they did not order the event or pay the licensing fee necessary to exhibit the Fight. Dkt. 20, Exs. C–E. They also admit that they advertised, intercepted, broadcasted, and showed the Fight in the Establishment. *Id.* The interstate satellite or cable transmission of the Fight was electronically coded or scrambled and not available to, or intended for use by, the general public, and was available only through the plaintiff. Dkt. 20, Ex. A. Further, on February 4, 2006, an auditor observed a portion of the Fight being exhibited at the Establishment to approximately forty-five patrons on eight television sets. Dkt. 20, Ex. A–2.

The court finds that the plaintiff has established a violation of 47 U.S.C. § 605. Because the

---

[2] The plaintiff seeks to hold defendants Chapa and Morales vicariously liable for Zone 504's exhibition of the Fight. Dkt. 20. Because § 605 "expressly prohibits assisting third parties in receiving communications to which they are not entitled," vicarious liability has not been discussed extensively as it concerns the FCA. *ON/TV of Chi. v. Julien*, 763 F.2d 839, 843 (7th Cir. 1985) (citing *Chartwell Commc'ns Group v. Westbrook,* 637 F.2d 459 (6th Cir. 1980)). Here, the court need not rule on the merits of plaintiff's vicarious liability argument since all three defendants have, by default, admitted that they violated 47 U.S.C. § 605 in their individual capacities. *See* Dkt. 20, Exs. C–E.

[3] Defendants failed to respond, object, or assert any privilege to any of plaintiff's requests for admissions. Therefore, the requests for admission are automatically deemed admitted. *See* FED. R. CIV. P. 36(a).

defendant failed to respond, no genuine issue of material fact has been raised; therefore, summary judgment is appropriate.

**3. Damages for Violation of § 605.**

The plaintiff has requested that the defendants be found jointly and severally liable for statutory damages in the amount of $10,000; additional damages in the amount of $50,000; attorney's fees in the amount of $20,000; conditional attorney's fees; costs and post-judgment interest; and a permanent injunction prohibiting the defendants from intercepting or exhibiting an unauthorized program in violation of the Federal Communication Act.

When a violation of § 605(a) has been established, an aggrieved party may recover statutory damages up to $10,000 per violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). Reasonable attorney's fees are also recoverable. 47 U.S.C. § 605(e)(3)(B)(iii). Up to an additional $100,000 in enhanced damages is available where the violation was willful and committed for commercial advantage or financial gain. *See Prostar v. Massachi*, 239 F.3d 669, 674 (5th Cir. 2001) (recognizing enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii)). Here, all three defendants admit to exhibiting the Fight wilfully and for financial gain. Dkt. 19, Ex. C–E.

The court finds the requested relief to be reasonable in this case with the exception that attorney's fees will be awarded in the amount of $2,000.00, and post-judgment interest shall accrue at the rate of 0.48% per annum.

### III. CONCLUSION

In conclusion, the court finds that plaintiff has proffered sufficient summary judgment evidence to establish a violation of 47 U.S.C. § 605, and that defendants have failed to create a genuine issue of material fact to preclude the award of summary judgment. Accordingly, plaintiff's motion for summary judgment is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on July 21, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY